## In re JOHN.

### No. 81–227–Appeal.

Supreme Court of Rhode Island.

Feb. 25, 1982.

Dennis J. Roberts, II, Atty. Gen., Charles Nystedt, Asst. Atty. Gen., for plaintiff.

William F. Reilly, Public Defender, Janice M. Weisfeld, Asst. Public Defender, for defendant.

## OPINION

PER CURIAM.

This matter was before the court on February 4, 1982, on an order to show cause why the adjudgment of delinquency should not be reversed and remanded to the Family Court for a new trial. After hearing the arguments of counsel and considering the prebriefing statements filed, we are of the opinion that cause has not been shown.

John had been charged with breaking and entering into a business establishment at night with intent to commit larceny. The sole witness testifying against him at trial was a second youth, who claimed that John broke a window at the shop through which the two of them climbed. The youth admit-ted that once inside, he filled a garbage bag with merchandise. He never indicated, however, that John took anything.

On cross-examination, defense counsel sought to impeach the witness's credibility by questioning him about a prior admission of delinquency on a specified date. The youth conceded that he had been before the Family Court and that he had been placed on probation, but testified that he had not admitted delinquency and could not recall what had happened on the specified date. Defense counsel sought access to the witness's juvenile record, claiming that he knew of at least one occasion upon which the witness had admitted delinquency and arguing that under *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), and *State v. Myers*, 115 R.I. 583, 350 A.2d 611 (1976), defendant had a right to examine the records necessary for meaningful confrontation and cross-examination. The trial justice denied defense counsel's request.

On appeal, the defendant argues that the trial justice's ruling deprived him of his rights to cross-examination and confrontation and asks that we remand to the Family Court for a new trial. In view of the above-cited authority, we find the defendant's claim that the trial justice erred in denying him access to the witness's juvenile record to be meritorious.

Accordingly, the adjudgment of delinquency appealed from is reversed, and the case is remanded to the Family Court for further proceedings consistent with this opinion.